**Phillip R. WOODS, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 17, 1996.

James D. Gass, Jackson, for Appellant.

Charles W. Burson, Attorney General and Reporter, Michelle L. Lehmann, Assistant Attorney General, Nashville, James W. Thompson, Asst. District Attorney General, Jackson, for Appellee.

*OPINION*

WADE, Judge.

The petitioner, Phillip R. Woods, appeals the trial court's denial of post-conviction relief. The petitioner presents two issues for our review: (1) whether the petitioner was denied the effective assistance of counsel due to the illegality of the sentence; and (2) whether the petitioner knowingly and voluntarily pled guilty.

We find that the trial court erred by denying relief and remand the cause for further proceedings.

Originally charged with especially aggravated robbery, aggravated robbery and two counts of robbery, the petitioner entered into an agreement whereby he pled guilty to three counts of robbery and received concurrent, Range I sentences of ten years for each conviction; the state dismissed the charge of especially aggravated robbery.

## I

■ The petitioner complains that his counsel was ineffective for, among other things, having failed to conduct an adequate investigation and "coerc[ing]" the defendant to agree to a sentence greater than the statutory range. *See* Tenn.Code Ann. § 39–13–401; Tenn.Code Ann. § 40–35–112(a)(3). The petitioner testified that he had never been convicted of a crime prior to this incident. He stated that he entered his plea after talking with counsel only because he feared a possible life sentence if he demanded a trial and was concerned about the possible effect of recent charges made against him in Illinois. The petitioner contends that his trial counsel failed to explain the differences in sentencing ranges and had failed to advise him that a Range I robbery required a term of between three and six years.

Trial counsel testified that the petitioner's previous criminal record might have called for a higher sentence within the range and included the possibility of consecutive sentencing. He stated that the petitioner had been advised of an offer for a twelve-year, Range I sentence and that the petitioner had authorized a counter offer which included a dismissal of the especially aggravated robbery and a Range I, ten-year sentence on the other three offenses. Trial counsel asserted that he was unaware that the petitioner had received a ten-year sentence for each conviction, as opposed to an aggregate ten-year term, until the filing of the post-conviction petition. He believed that the petitioner had received a total of ten years at 30% for the three convictions even though none of the sentences were to be served consecutively. He testified that he thought the error could have been corrected by amending the judgment form.

The assistant district attorney general, James W. Thompson, agreed at the post-conviction hearing that the original plea agreement was for an aggregate ten-year sentence for all three robberies. The plea agreement provided that the defendant receive a sentence of "ten years at 30%" for all

three robbery offenses and that the especially aggravated robbery be dismissed. Thompson stated at the evidentiary hearing that the state's intent was "to give him 10 years on everything" and conceded that the judgment reflecting a ten-year sentence for each conviction was "outside the range … and violate[d] the statute." He suggested that the judgment be amended for two three-year sentences and one four-year sentence, each consecutive to the other.

At the conclusion of the hearing, the trial court ruled that the petitioner had not been denied the effective assistance of counsel and complimented trial counsel for "an excellent job representing" the petitioner. The court held that the judgments which reflected concurrent sentences of ten years for each robbery conviction were proper and any mistake was merely a technical error. In dismissing the petition, the trial court ruled in part, as follows:

6. The defendant/Petitioner entered a plea agreement with the State for [an] effective [1] sentence of 10 years.

7. The judgment prepared by the States' attorney is so filled out as to be in violation of the sentencing guidelines.

8. The error in the judgment is ministerial and has no bearing or effect on the validity of the defendant['] s plea nor does it affect the 10 year sentence to which the defendant/petitioner agreed to serve.

9. Post–Conviction is not the proper avenue to address the issue of an incorrect [judgment].

10. Any errors in filling out the judgments are not attributed to trial counsel and cannot be cured by Post–Conviction [r]elief.

The trial court determined that trial counsel had not been ineffective by suggesting a plea agreement of a sentence of ten years with a release eligibility date at 30% for three robbery offenses. It is implicit in the ruling that the trial court found nothing illegal about the sentence.

---

1. This is an apparent typographical error in the record; "ineffective" rather than "effective" ac-    tually appears in the transcribed order.

In *State v. Mahler,* 735 S.W.2d 226 (Tenn. 1987), our supreme court held that a defendant who had entered a knowing and voluntary plea of guilt to a sentence within the statutory range could accept classification as a Range II offender, even though he did not technically qualify above Range I. *See* Tenn. Code Ann. § 40–35–105 through –109. The sentence was affirmed on the basis that the defendant could legitimately enter a plea agreement within the range of punishment provided by law, even if he did not have a sufficient prior record to warrant the higher classification within the range. In *Mahler,* however, the supreme court acknowledged the difference between a range classification and a sentence which exceeded the statutory term: "a judgment imposed by a trial court in direct contravention of express statutory provisions ... is illegal and is subject to being set aside *at any time,* even if it has become final." 735 S.W.2d at 228 (emphasis added).

More recently, this court has set aside as illegal plea agreements similar to that made in this case. *See Ronald Lature McCray v. State,* No. 02C01–9412–CC–00277, 1995 WL 568388 (Tenn.Crim.App., at Jackson, September 27, 1995); *George Cheairs v. State,* No. 02C01–9304–CC–00070, 1994 WL 583331 (Tenn.Crim.App., at Jackson, October 26, 1994). In *George Cheairs v. State,* this court made the following observation:

> If the parties can agree that a defendant be sentenced to a term of years exceeding the maximum for his range, then logically by agreement he could be sentenced to a term less than the minimum. The release eligibility date would then be determined by agreement rather than the Range. Thus, the statutory ranges and the corresponding release eligibility percentages would be virtually meaningless, with sentencing structure governed by contract rather than by statute.

At *2 (holding that an issue of ineffective assistance of counsel is rendered moot when a defendant receives an illegal sentence). Although we cannot distinguish *Cheairs* and

*McCray* from *Darnell Gentry v. State,* No. 02C01–9304–CC–00052, 1994 WL 284115 (Tenn.Crim.App., at Jackson, June 29, 1994), *perm. to app. denied,* (Tenn.1994), or *State v. Terry,* 755 S.W.2d 854 (Tenn.Crim.App.1988), the decision in *Cheairs* appears to be in compliance with an order entered by our supreme court in *State v. Joseph Harvey Cutright,* No. 02C01–9108–CC–00175, 1992 WL 211715 (Tenn., at Jackson, March 25, 1992) (order denying application for permission to appeal). Because the range classification is based upon fact (prior criminal history of the defendant) and therefore subject to plea negotiation, an arrangement such as that made in *Mahler* is permissible. Once range is established, however, the statute provides specific legal boundaries within which the determinative sentence must fall. Here, that would have been from three to six years for a Range I offender. Any sentence outside the statutory range of sentences would be illegal and thus a void sentence for purposes of post-conviction relief. *See Ronald Lature McCray v. State, supra.*

Based upon the greater weight of the authorities available, we are constrained to set aside this sentence as illegal and remand the cause to the trial court. Because the sentence proposed in the plea agreement can be interpreted as exceeding the statutory limits, the trial court must reject the original, recommended sentence. Thereafter, the proceedings shall be governed by Tenn. R.Crim.P. 11(e). *See State v. Hodges,* 815 S.W.2d 151 (Tenn.1991).

The plea agreement in this case would not have violated the statute had it expressly provided that two sentences of three years and one sentence of four years for the three robbery offenses were to be served consecutively in order to arrive at the ten-year sentence.[2] The trial court, however, may not sentence the petitioner consecutively absent either an agreement by the petitioner or the presence of statutory grounds. *See* Tenn. Code Ann. § 40–35–115; *State v. Wilkerson,* 905 S.W.2d 933, 938 (Tenn.1995).

---

**2.** The state's offer of ten years at 30% for the three offenses would have provided a release eligibility date of 3 years. It could have accomplished a 3.5–year result with a Range II(35%), 10–year sentence. *See* Tenn.Code Ann. § 40–35–101, et seq.

## II

Next, the petitioner contends that he did not knowingly and voluntarily enter his pleas of guilt. He does not contend that the trial court failed to follow the required procedure. Instead, he asserts that he did not understand the differences between the sentencing ranges and that he did not, therefore, voluntarily and knowingly enter his plea.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 · (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those required warnings are the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. *Id.* at 243, 89 S.Ct. at 1712. The overriding *Boykin* requirement is that the guilty plea must be knowingly and voluntarily made. *Id.* at 242–44, 89 S.Ct. at 1711–13. In *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), our supreme court established a procedure for trial courts to follow in accepting guilty pleas.

The petitioner testified that his trial counsel told him that he could be sentenced up to fifteen years for simple robbery. He also stated that the trial court informed him at the guilty plea hearing that robbery carried a sentence of three to fifteen years but that his trial counsel and the trial court failed to explain that only a sentence of three to six years was possible under Range I. Petitioner's post-conviction petition states that his trial counsel "coerced" and "threatened" him to plead guilty. The petitioner claims on appeal that the following testimony at the guilty plea hearing establishes that he did not knowingly and voluntarily plead guilty:

Q: [Judge] Is that what you understand the recommendation to be?

A: [Petitioner] Yes, sir. I got one question, though.

Q: All right.

A: What do Section I mean?

Mr. Googe: I think he's talking about range one which means 30 percent.

Mr. Allen: That means 30 percent is what he's—

Q: Thirty percent.

A: Okay.

Q: That's the range you're in.

A: I understand.

Trial counsel testified that he explained the entire ranges of sentencing to the petitioner prior to the sentencing hearing.

We find that because he was unaware that the agreed sentence was illegal, the petitioner could not have knowingly and voluntarily plead guilty. *See State v. Joseph Harvey Cutright,* No. 02C01–9108–CC–00175, 1992 WL 211715 (Tenn., at Jackson, March 25, 1992) (order stating that a "sentence [outside the statutory range] agreed upon between the State and defendant is a nullity and cannot be waived."). Further, the judgment may not be amended to reflect a sentence consistent with the statute unless the petitioner knowingly and voluntarily agrees to the changes.

The convictions are set aside. The causes are remanded to the trial court.

PEAY and WELLES, JJ., concur.

PEAY, Judge, concurring.

I concur with the results reached by the majority. However, I again express the same concerns that I expressed in my separate concurring opinion in the case of *Bill R. Dixon, Jr., v. State,* No. 02C01–9503–CC–00070, 1996 WL 125910, Madison County (Tenn.Crim.App. filed March 30, 1996, at Jackson).