# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

**MICHAEL D. DAVIS,**               )
                                    )
    Petitioner,                 )   C. C. A. NO. 02C01-9706-CR-00222
                                    )
vs.                                 )   SHELBY COUNTY
                                    )
**STATE OF TENNESSEE,**             )   No. P-18080
                                    )
    Respondent.                 )

**FILED**

**September 26, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in this case by order rather than formal opinion. Rule 20, Rules of the Court of Criminal Appeals. The record in this appeal was filed on June 25, 1997, and the petitioner has already filed his brief.

This is an appeal from the trial court's dismissal of the petitioner's petition for post-conviction relief. The petitioner was originally indicted for first degree murder in September 1990. The petitioner subsequently pled guilty to second degree murder on February 8, 1991, and received a sentence of twenty-five years as a Range II offender. No appeal was taken.

On February 12, 1997, the petitioner filed a petition for post-conviction relief alleging that he did not enter the plea knowingly and voluntarily. Specifically, the petitioner, relying upon Woods v. State, 928 S.W.2d 52 (Tenn. Crim. App. 1996), claimed that his guilty plea is constitutionally invalid because counsel failed to explain the differences between the sentencing ranges and apparently the petitioner did not qualify above Range I. Finding that the petition was barred by the statute of limitation, the trial court dismissed the petition without a hearing.[1]

---

[1] In its order of dismissal, the trial court erroneously stated that the petition was filed pro se, when, in fact, it was filed by counsel. This oversight on the part of the trial court, however, does not affect our disposition of this appeal.

Having reviewed the state's motion in light of the entire record on appeal, we find that the motion is well-taken. A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-202(a). The trial court lacks jurisdiction to hear a petition filed beyond that date unless one of three limited exceptions apply. T.C.A. § 40-30-202(b).

In the present case, the petitioner alleges that his case falls under T.C.A. § 40-30-202(b)(1): the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of judgment and which requires retroactive application. The petitioner argues that Woods established a constitutional right applicable to his case. According to the petitioner's argument, Woods provides that a criminal defendant may not knowingly and voluntarily enter a plea of guilt if he or she is not informed of the differences between the ranges of punishment.

The petitioner's position is without merit for several reasons. The statutory exception relied upon by the petitioner requires that the ruling come from the highest state appellate court. T.C.A. § 40-30-202(b)(1). The Woods opinion was rendered by a panel of this Court, which is not the highest appellate court in this state. Accordingly, this exception to the statute of limitation does not apply, and the petition, therefore, is time barred.

Moreover, Woods did not create a constitutional right not previously recognized. Citing State v. Mahler, 735 S.W.2d 226 (Tenn. 1987), this Court noted that a criminal defendant "could legitimately enter a plea agreement within the range of punishment provided by law, even if he did not have a sufficient prior record to warrant the higher classification within the range." 928 S.W.2d at 54. The petitioner contends that Woods held counsel would be ineffective for failing to explain the classifications

2

within the range. In <u>Mahler</u>, however, our Supreme Court stated that "[a]ny error by counsel in not explaining the differences between Range I and Range II offenders did not and could not warrant setting aside the guilty plea and sentence under the circumstances of this case. <u>See</u> generally <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)." 735 S.W.2d at 228. In <u>Woods</u>, this Court held, simply, that a defendant may not knowingly and voluntarily agree to a sentence that exceeds the statutory limit for that particular offense.[2] <u>Id.</u> at 55. In fact, the Court relied upon well-established case law to note that a criminal defendant must be advised of certain constitutional rights before he or she can enter a knowing and voluntary plea of guilt. <u>Id.</u> <u>See</u> <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); <u>State v. Mackey</u>, 553 S.W.2d 337 (Tenn. 1977). <u>Woods</u>, therefore, did not establish a new constitutional right not previously recognized.

Accordingly, having found no error on the part of the trial court, the state's motion is granted. It is hereby ORDERED that the judgement of the trial court in this matter is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of September, 1997.

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

---

[2] The petitioner pled guilty to a Class A felony, as a Range II offender, which carries a possible sentence of twenty-five to forty years. T.C.A. § 40-35-112. The petitioner's twenty-five year sentence, therefore, clearly falls within the statutory limit, and is not illegal.