# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION

FILED

**February 26, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

DEWAYNE CATHEY,          )
                         )
        Appellant,       )   C.C.A. No. 02C01-9612-CR-00446
                         )
v.                       )   Shelby County
                         )
STATE OF TENNESSEE,      )   Hon. W. Fred Axley, Judge
                         )
        Appellee.        )   (Post Conviction)


FOR THE APPELLANT:                  FOR THE APPELLEE:

BARBARA D. MACINTOSH                JOHN KNOX WALKUP
Attorney at Law                    Attorney General & Reporter
474 Perkins Extended, Ste. 205
Memphis, TN  38117                 SARAH M. BRANCH
                                   Assistant Attorney General
                                   450 James Robertson Parkway
                                   Nashville, TN 37243-0493

                                   JOHN W. PIEROTTI
                                   Dist. Attorney General

                                   ALANDA HORNE
                                   Asst. Dist. Attorney General
                                   Criminal Justice Complex
                                   201 Poplar St., Ste. 301
                                   Memphis, TN  38103


OPINION FILED: _____

AFFIRMED


CURWOOD WITT, JUDGE

## OPINION

_____The petitioner, Dewayne Cathey,[1] comes to this court aggrieved of the Shelby County Criminal Court's dismissal of his claim for post conviction relief. Cathey is presently incarcerated for a life term following his guilty plea to the crime of first-degree murder. Following a series of hearings at which the petitioner had the opportunity to present his evidence, the trial court found all of the allegations contained in the petition to be without merit and denied relief. On appeal, Cathey asks this court to review two of the trial court's four determinations.[2] He claims the evidence preponderates against the trial court's determinations that he was afforded the effective assistance of counsel and that his guilty plea was knowingly and voluntarily entered. Having reviewed the record and the briefs of the petitioner and the state, we find the petitioner's issues without merit and affirm the judgment of the trial court.

Cathey was indicted in May 1993 for the March 1993 homicide of Airon D. Toliver. The indictment charged the offense as first-degree murder, and the state sought the death penalty. Counsel was appointed to represent Cathey, though a substitution was made when his original counsel discovered a conflict of interest.[3] The state offered Cathey a plea bargain for life in prison in exchange for his guilty plea to the crime of first-degree murder, and he accepted. His plea was entered on November 30, 1993 in the Shelby County Criminal Court.

In the amended post conviction petition, Cathey claimed counsel was

---

[1]    According to the indictment, the petitioner is also known as Nedra Hill.

[2]    We give no consideration to the remaining two issues presented in the amended petition, as they are not before us. Tenn. R. App. P. 13(b) ("[Appellate r]eview generally will extend only to those issues presented for review."). Only the evidence relevant to the two issues before this court will be discussed in this opinion.

[3]    Only the substituted counsel was the subject of Cathey's proof at the post conviction hearings.

2

ineffective in failing to investigate and interview witnesses, failing to obtain a psychiatric evaluation, failing to explain the meaning and consequences of the plea agreement in terms he could understand, and in coercing him to accept the plea bargain by threatening him with the death penalty if he went to trial. Cathey also claimed he had unknowingly waived his right to question his innocence at a later time, that he had unintelligently entered his plea, that he did not understand he waived his appellate rights, that he did not have competent advice, and that he could not understand and be aware of his rights waived by entering the plea because he was mentally confused and fearful for his safety in the county jail.

Evidence was received by the trial court at a series of three hearings. Cathey's testimonial evidence included his own testimony that he was unsatisfied with his trial counsel's performance and that he did not understand what he was doing at the time he accepted the plea agreement. Primarily, he claimed that counsel visited him only twice while he was in jail, did not interview his mother or inquire into his psychological problems, did not explain his rights and the fact that those rights were being waived by entry of a guilty plea, and held the prospect of a death penalty verdict over his head in order to obtain his agreement to the plea bargain. Cathey also testified that while he was being held in pretrial detention in the Shelby County Jail he was involved in a disturbance which resulted in facial and head injuries and required treatment at a hospital. According to Cathey, he was extremely fearful for his safety and desired to leave the county jail as quickly as possible. He testified he was so consumed with fear, distress and desire to get out of the county jail that he entered the guilty plea in order to extricate himself from that situation. Cathey conceded he had received copies of discovery from the district attorney general's files, but as a seventh grade dropout from special education classes, he contends he does not read well. Finally, Cathey acknowledged that had the trial court granted post conviction relief, he would face the death penalty at any subsequent trial.

Cathey's mother testified she was never contacted by trial counsel; however, she testified if he had contacted her she would have told him that her son had serious psychological concerns in March 1993, for which he was receiving disability benefits from the Social Security Administration. The petitioner's mother conceded that she did not know with whom her son was living at the time of the murder, and he did not come around her much. She likewise conceded she knew nothing about his mental condition at the time he pleaded guilty in November 1993.

Cathey also presented expert testimony from Floyd Covey, PhD, a licensed psychologist who performed a mental evaluation of Cathey to determine his eligibility for Social Security disability benefits in December 1992. Doctor Covey diagnosed Cathey with "psychosis NOS"[4] based upon a finding of auditory hallucinations. Although Dr. Covey offered no evidence of Cathey's mental state at the time of the crime or at the time of the plea submission, he testified it was "certainly possible" that if Cathey's psychological condition remained the same after the evaluation and was combined with the use of beer and marijuana, Cathey could become violent if involved in an argument.

The state's testimonial evidence was given by the petitioner's trial counsel, who estimated that he met with Cathey a minimum of 8 to 12 times. Trial counsel testified his investigation included talking with the petitioner's aunt and reviewing the petitioner's mental health records. He did not interview Cathey's mother.

The transcript of the guilty plea hearing and the written report of Dr. Covey were received as exhibits. The transcript of the guilty plea hearing reflects that Cathey was admonished by the court that he was waiving his rights, which the court explained in detail. Cathey voiced his understanding. Cathey also testified

---

4

      According to Dr. Covey, "NOS" is a diagnostic designation which means "not otherwise specified."

4

that he was satisfied with counsel's consultation with him and investigation of the case. He expressed that his guilty plea was entered voluntarily and was not a result of his unhappiness with his then-present situation in the county jail. Significantly, he also claimed he had no psychiatric or psychological impairment which might cloud his thinking that day. The report of Dr. Covey reflected the background information supporting his diagnosis of psychosis NOS and his gathering of test results revealing the petitioner to have a low IQ, though Dr. Covey deemed these results an invalid underestimate of Cathey's actual cognitive abilities. He found Cathey "limited" in (1) ability to understand and remember, (2) ability to sustain concentration and persistence, (3) social interaction, and (4) adaptation.

The trial court found all of Cathey's claims without merit. The trial court's thoughtful and well-drafted order, which recites extensive findings of fact, reflects that the court accredited the testimony of trial counsel and the transcript of the plea submission hearing over the testimony of the petitioner. Cathey claims the trial court's determination on two of the issues was in error.

Cathey filed his post conviction petition prior to the 1995 amendments to the Post Conviction Procedure Act. Therefore, his burden of proving his claims is by a preponderance of the evidence. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).[5]

I

First, we examine whether Cathey received the effective assistance of counsel in the proceedings leading up to his conviction. In evaluating claims of this nature, the finder of fact must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate

---

[5] The petitioner's burden of proof in all cases filed under the Post Conviction Procedure Act of 1995 is by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).

counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland v. Washington, 466 U.S. 690, 695, 104 S. Ct. 2066, 2069 (1984). The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 695, 104 S. Ct. at 2069. A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

First, the petitioner claimed his attorney failed to investigate and interview witnesses. The trial court accredited the attorney's conservative estimate that he met with Cathey 8 to 12 times, discussed the case in detail, talked with Cathey's aunt, and investigated the possibility of a self defense claim. Moreover, the trial court noted that Cathey had acknowledged his satisfaction with his attorney's services at the plea hearing. The trial court found no harm in counsel's decision not to interview the petitioner's mother based upon her testimony that the petitioner did not live with her at the time and that she did not have much contact with her son at the time of the victim's death. We cannot say the evidence preponderates to the contrary.

Second, the petitioner claimed counsel's services were deficient because he failed to obtain a psychiatric evaluation. The trial court found that counsel had Cathey's mental health records. Those records were not offered into evidence, so the trial court had no way of determining whether anything contained therein would put counsel on notice of the need for evaluation of his client. The petitioner had been found competent to stand trial. Counsel did not question Cathey about whether he received Social Security disability benefits because Cathey told counsel he was employed. In addition to these facts on which the trial court relied, we note that counsel testified he had represented the petitioner for a previous felony charge several years before this case, and the petitioner was found

6

competent to stand trial at that time, too. Counsel knew the petitioner from his previous representation of him, met with him at least 8 times in preparation for this case, and was satisfied that the petitioner understood what he was doing when he pleaded guilty. In closing argument below, Cathey's post conviction counsel claimed the petitioner's mental condition combined with his substance abuse at the time of the crime "gave him a defense or at least a chance at a plea to a lesser charge of second degree murder." The evidence presented at the hearing was only that it was "possible" Cathey's substance abuse coupled with the psychiatric diagnosis observed months prior by Dr. Covey "could" result in violent behavior. The record is noticeably devoid of any evidence that Cathey entered his plea because counsel failed to follow this line of investigation or that he would not have entered the plea had he known of the possibility of an insanity defense or diminished capacity argument. Our review leads us to the conclusion the evidence does not preponderate against the trial court's determination that this subissue lacks merit.

With respect to Cathey's claim counsel failed to explain the meaning and consequences of his plea to him in terms he could understand, the trial court accredited counsel's testimony and discredited Cathey's testimony. In addition, the transcript of the guilty plea hearing belies Cathy's post conviction testimony. Again, the evidence does not preponderate against the trial court's determination.

Cathey's fourth and final allegation of ineffective assistance is based on counsel's alleged coercion of him through threats he would receive the death penalty if he went to trial. The trial court accredited counsel's testimony that the choice was left to the petitioner and that counsel advised his client of the possible punishments but did not predict an outcome. The evidence does not preponderate otherwise.

In sum, all of Cathey's claims of ineffective assistance of counsel are

7

without merit.

## II

Cathey's next series of complaints deals with his plea and whether it was knowingly and voluntarily entered. When reviewing the entry of a guilty plea, the overriding concern is whether the plea was knowingly and voluntarily made. Woods v. State, 928 S.W.2d 52, 55 (Tenn. Crim. App. 1996). The lower court's findings of fact are conclusive on appeal unless the evidence preponderates against those findings. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

Cathey claims he unknowingly waived his rights to raise the question of his innocence at some later time and to appeal. The trial court found that the court which accepted Cathey's plea advised him of his rights not to plead guilty, to a jury trial, to confront witnesses, to be free from self incrimination, to have a motion for new trial and to appeal. Notably, the court which accepted the plea advised Cathey twice of the waiver of appellate rights. The evidence does not preponderate against the trial court's determination.

The petitioner claims his plea was unintelligently made and that his mental confusion and fear for his safety in the county jail kept him from understanding and being aware of the rights he waived. The court below noted Cathey's acknowledgment of his understanding waiver of his rights at the plea submission hearing. In addition, trial counsel testified he was satisfied the petitioner knew and understood what he was doing. The transcript of the guilty plea hearing further belies Cathey's claim; in it, he specifically denies both entering his plea due to his alleged problems in the county jail and having any psychological or psychiatric condition which clouded his judgment in making the decision to enter a plea that day. Simply put, the evidence of record does not preponderate against the trial court's determination.

Finally, Cathey claimed he did not have competent advice, and therefore, his plea was not voluntary. The court below found Cathey was aware of his rights. Trial counsel testified he advised Cathey of his rights and of the possible punishments if he were found guilty of first-degree murder by a jury of his peers. The transcript of the plea hearing illustrates that the judge again admonished Cathey in this regard. We find the evidence does not preponderate against the trial court's resolution of this issue.

In summary, we find all of Cathey's claims of ineffective assistance of counsel and of having entered an unknowing and involuntary guilty plea lacking in merit. As a result, it is our duty to affirm the judgment of the trial court.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JERRY L. SMITH, JUDGE