IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION



**FILED**

**December 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JOY NELSON, | ) | |
| Appellant, | ) | C.C.A. No. W1999-01885-CCA-R3-PC |
| | ) | |
| v. | ) | Gibson County |
| | ) | |
| STATE OF TENNESSEE, | ) | Honorable Dick Jerman, Jr., Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

JOY NELSON, *pro se*
TDOC No. 247472
Mark H. Luttrell Reception Center
6000 State Road
Memphis, TN  38134-7628

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

CLAYBURN L. PEEPLES
District Attorney General

EDWARD L. HARDISTER
Assistant District Attorney General
110 South College Street, Suite 200
Trenton, TN  38382-1841

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# **O P I N I O N**

The petitioner, Joy Nelson, appeals the Gibson County Circuit Court's denial of her

petition for post-conviction relief without an evidentiary hearing.  After a review of the

record, we find that the petition is time-barred and affirm the dismissal of the trial court.

## PROCEDURAL BACKGROUND

The petitioner was indicted for first degree murder on March 21, 1994. In a plea bargain agreement with the State, she pleaded guilty on April 10, 1995, to second degree murder and was sentenced to forty years incarceration in the Tennessee Department of Correction as a Range I standard offender. Petitioner did not appeal this sentence.

On October 6, 1998, petitioner filed a *pro se* petition for post-conviction relief with the trial court. Her petition for post-conviction relief was dismissed on February 1, 1999.[1] Appeal was timely filed.

## ANALYSIS

The law controlling petitions for post-conviction relief is set out in the 1995 Post-Conviction Procedure Act. See Tenn. Code Ann. §§ 40-30-201 to -310. This new law went into effect on May 10, 1995. See id., Compiler's Notes. The act provides for a statute of limitations for the filing of post-conviction relief petitions which states:

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a).

The exceptions to this one-year statute of limitations are narrow: (1) retrospective application of a new constitutional right established by a ruling of the highest appellate court of the state or the U.S. Supreme Court; (2) new scientific evidence establishing that the petitioner is actually innocent; or (3) a previous conviction that was not a guilty plea

---

[1] Although the record does not indicate that the trial court's dismissal of petitioner's petition for post-conviction relief was based on a finding that it was time-barred, based on the analysis contained in this opinion, the trial court would have erred had it granted an evidentiary hearing and appointed counsel.

that was used to enhance the sentence from which relief is being sought has been held to be invalid. See id. § 40-30-202(b).

We review the record to determine if it supports a finding that the petition for post-conviction relief in this case is time-barred and, if so, whether any exceptions apply to save the petition.

## I. Application of Statute of Limitations

At the time petitioner's conviction became final on April 10, 1995, the statute of limitations applicable to post-conviction relief proceedings was three years. See id. § 40-30-102 (repealed 1995). Petitioner therefore had until April 10, 1998, to file a petition. On May 10, 1995, when the new act went into effect, petitioner became subject to the current statutory procedure as set out in the 1995 Post-Conviction Procedure Act. Because she was still within the three-year statute of limitations of the old Act, her right to petition for post-conviction relief remained viable. The language of the enabling provision for the 1995 Act provided such petitioners with a specific period for filing ending on May 10, 1996. See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). This period worked to actually shorten what would have been petitioner's time frame for filing under the old Act. In this case, application of the new statute of limitations is not determinative because when petitioner filed for post-conviction relief on October 6, 1998, her petition was time-barred under both the new and old Acts.

Having determined that this petition for post-conviction relief is time-barred, we next determine whether any exceptions applied to save the petition. Petitioner does not argue any of the statutory exceptions of Tennessee Code Annotated § 40-30-202(b). Rather, she argues that the statute of limitations should not apply to her because the sentence itself is illegal. Petitioner claims each of the following to support her contention:

(1) that the sentence of forty years as a Range I offender violates the statutory guidelines of Tennessee Code Annotated § 40-35-112(a)(1) and is an illegal sentence;

(2) that she lacked mental capacity both as to the mens rea element of the offense and generally as a condition tolling the statute of limitations;

(3) that defense counsel cajoled, coerced, and threatened her into accepting the plea agreement; and

(4) that her indictment failed to allege facts as to each essential element of the offense and failed to give her proper notice.

First, as to the legality of petitioner's plea bargain agreement with the State, we are aware of the decisions by this court supporting her contention that a sentence falling outside the span of years allocated to a specific range of offender and a specific category of offense is illegal.[2] The law is not settled on the issue, and other panels of this court have affirmed such "hybrid" sentences.[3]

A source of the lack of clarity appears to be whether a sentence must fall within the overall felony class, as stated in the first column of the grid found in Tennessee Code Annotated § 40-35-101, or within the column under the offender range. In Gentry v. State, this court found that a defendant who entered a plea bargain agreement for a forty-year sentence as a Range I offender for the offense of second degree murder had been legally sentenced because "[s]econd degree murder is a Class A offense and the possible range of punishment is fifteen to sixty years." Gentry, 1994 WL 284115, at *3. Gentry is factually similar to this case. Our supreme court, in Hicks v. State, cited the holding in Gentry and acknowledged the varied approaches to this issue that this court has taken. Hicks, 945 S.W.2d at 709. The Hicks court observed that the legislature had evinced no intent in the Sentencing Reform Act of 1989 to "limit prosecutor's use of offender classification and release eligibility as plea bargaining tools" and affirmed the sentence of Terry Hicks, who pleaded guilty to voluntary manslaughter, a Class C felony, and was sentenced to ten years as a Range I offender. The overall span of years for a Class C felony is three to fifteen years. The span for a Range I offender is three to six years, therefore Hicks was sentenced outside the span for Range I.

We find the holding in Hicks controlling in this case where, as in Hicks, a sentence was imposed that was outside the span of years of the offense, based on the agreed range of the offender, but within the overall statutory span of years for the class of felony. Therefore, we conclude that petitioner's plea bargain agreement was valid and the

---

[2] For cases disapproving such a sentencing structure, see Dixon v. State, 934 S.W.2d 69 (Tenn. Crim. App. 1996); Woods v. State, 928 S.W.2d 52 (Tenn. Crim. App. 1996); Ronald Lature McCray v. State, No. 02C01-9412-CC-00277, 1995 WL 568388 (Tenn. Crim. App., Jackson, Sept. 27, 1995); and George Cheairs v. State, No. 02C01-9304-CC-00070, 1994 WL 583331 (Tenn. Crim. App., Jackson, Oct. 26, 1994).

[3] For cases approving such a sentence structure, see, Gary Dewayne Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646 (Tenn. Crim. App., Nashville, Aug. 12, 1998), perm. app. denied (Tenn. Jan. 11, 1999); Terry L. Hicks, Jr., v. State, No. 02C01-9503-CC-00071, 1996 WL 39386 (Tenn. Crim. App., Jackson, Jan. 31, 1996), aff'd, 945 S.W.2d 706 (Tenn. 1997); and Darnell Gentry v. State, No. 02C01-9304-CC-00052, 1994 WL 284115 (Tenn. Crim. App., Jackson, June 29, 1994), perm. app. denied (Tenn. Oct. 3, 1994).

sentence legal.

Petitioner also alleges that her diminished mental capacity negated the mens rea element of the offense and also tolled the statute of limitations. There is nothing in the record to support this contention. The psychological evaluation provided by petitioner noted that petitioner was oriented to person, place, time, and situation and was appropriately dressed and appeared normal. We find no basis for tolling the statute of limitations based on the mental state of the petitioner.

Petitioner argues that she was coerced by defense counsel into accepting an illegal plea agreement and that she did not enter her plea knowingly, voluntarily, and intelligently. We have already concluded that the agreement and sentence applied in this case were legal. Since the allegations do not fall within any exceptions so as to toll the statute of limitations, as previously discussed, the petition is time barred.

Petitioner finally argues that her indictment is constitutionally void because it does not allege all the elements necessary to constitute the offense of first degree murder. The indictment stated:

> THE GRAND JURORS of GIBSON County, Tennessee, duly empaneled and sworn, upon their oath, present that ROBERT DUVALL, JOY NELSON & ELIZABETH ALLISON on the _____ day of January, 1994, in GIBSON County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, deliberately and with premeditation kill Ronnie Nelson, in violation of T.C.A. 39-13-202, all of which is against the peace and dignity of the State of Tennessee.

Petitioner points to no essential element missing from this indictment, and we find none. Petitioner had sufficient notice of the offense she was called to answer. See Tenn. Code Ann. § 40-13-202.

Petitioner further alleges that the indictment failed to provide her with sufficient notice because it failed to allege the "date and times the murder was allegedly committed by use of a deadly weapon, i.e., a gun, a knife, a stick, etc." The indictment need not specify the time or place of the offense when time is not a material ingredient of the offense. See id. § 40-13-207; see also Shadden v. State, 488 S.W. 2d 54 (Tenn. Crim. App. 1972), cert. denied, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). We conclude that the indictment was valid.

**CONCLUSION**

5

Petitioner has presented no valid grounds to save her petition for post-conviction relief from being time-barred. Additionally, we note that we cannot treat this petition as a petition for writ of habeas corpus because it was filed in Gibson County where petitioner entered her guilty plea, rather than in Shelby County were she is incarcerated. See Tenn. Code Ann. § 29-21-105 (1980).

For the above stated reasons, we affirm the ruling of the trial court denying the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
NORMA McGEE OGLE, JUDGE

6