IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2003

## ERIC BIGGS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-25109     James C. Beasley, Jr., Judge**

---

**No. W2002-00859-CCA-R3-PC  - Filed December 31, 2003**

---

Eric Biggs appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief.  Biggs is presently serving an effective 45-year sentence for fourteen robbery-related offenses to which he pleaded guilty.  In his post-conviction attack, he claims that he was not afforded the effective assistance of counsel in the conviction proceedings and that as a result, his guilty pleas were not knowingly, voluntarily, and intelligently entered.  The petitioner also makes a second claim that his guilty pleas were not knowingly, voluntarily, and intelligently entered because he believed that his sentencing range would increase with each subsequent conviction.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

John H. Parker, II, Memphis, Tennessee, for the Appellant, Eric Biggs.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Haggerman, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

By all accounts, the state had very strong evidence against the petitioner in some of the counts constituting the conviction proceedings, whereas the state's evidence was somewhat more dubious on other counts.  The state made an all-or-nothing global settlement offer to dispose of all counts, which the petitioner accepted.  The conditions under which he did so are the subject of his post-conviction case.

The petitioner testified at his post-conviction hearing and generally disparaged his former counsel's investigation, preparation for trial, and communication with him.  According to the petitioner, due to counsel's lack of vigorous pursuit of his defense, he felt as if he had no choice

other than to accept the plea agreement and ultimately did so even though he was not guilty of some of the crimes with which he was charged. The petitioner also testified that counsel led him to believe that if he were convicted in the first trial scheduled, his sentencing range would increase to the career offender level.

Contrary to the petitioner's claims, the petitioner's former counsel testified that he reviewed discovery materials, talked to witnesses on the day that the petitioner was scheduled to go to trial, negotiated the best plea offer he could with the state, met with the petitioner prior to trial, and was prepared and willing to go to trial if the petitioner chose that course. Counsel admitted that if he told the petitioner that his sentencing range would change during the course of conviction proceedings in the cases under attack, that advice would have been in error. However, counsel did not think he had given the petitioner advice to that effect. Counsel recounted that although the petitioner was adamant that he had not committed at least some of the crimes with which he was charged, he knew what he was doing and made a voluntary choice to accept the settlement agreement. Prior to the guilty pleas, counsel explained the petitioner's rights to him. Although counsel did not believe the plea offer was particularly favorable to the defendant, he did believe that it was the best possible offer in the circumstances, and from a practical standpoint, the petitioner probably received a shorter effective sentence than he would have had he proceeded to trial on the 14 counts.

At the conclusion of the hearing, the post-conviction court accredited the testimony of the petitioner's former counsel over that offered by the petitioner. The court found that the petitioner was in a difficult situation and made a knowing and intelligent choice to accept the plea agreement because it presented the better opportunity as compared with proceeding to trial on the 14 counts. The court found that the petitioner's former counsel had not been deficient in his duties. Based upon these findings, the court denied the petitioner's bid for post-conviction relief.

The case is now before us on appeal.

In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

We begin with the ineffective assistance of counsel issue. When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient

representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

The petitioner's argument is essentially an appeal to us to revisit the lower court's credibility determinations relative to the petitioner's testimony and that of his trial attorney. We are not free to do so where, as here, the evidence fails to preponderate to the contrary of the lower court's determinations relative to the weight and credibility of witness testimony. Moreover, we are unconvinced that the lower court erred in determining that the petitioner was not prejudiced by any of counsel's alleged actions and inactions.

Thus, we turn to the petitioner's first claim of involuntary guilty pleas, which is based upon his allegation that counsel did not provide effective assistance. When reviewing the entry of a guilty plea, the overriding concern is whether the plea is knowingly and voluntarily made. *Woods v. State*, 928 S.W.2d 52, 55 (Tenn. Crim. App. 1996). The record before us contains no evidence of threats or undue pressure placed upon the petitioner nor any corroboration of his claim. The lower court's factual findings and ruling discredit the petitioner's claims that he pleaded guilty because his counsel coerced him into doing so and because counsel was unprepared for trial and was unwilling to assist him in defending against the charges. As stated previously, the factual findings of the trial court are conclusive on appeal unless the evidence preponderates against those findings. *See Fields*, 40 S.W.3d at 457-58. After a review of the record, we conclude that the evidence fails to preponderate against the factual findings of the trial court.

Finally, we reject the petitioner's claim that his guilty pleas were involuntarily entered because counsel advised him that his sentencing range would increase as he garnered convictions in the course of the trials on the 14 charges. The petitioner testified to this effect, but his trial counsel testified that he did not think he had given the petitioner such advice. It came to light during the post-conviction hearing that the state had served a notice of intent to seek Range II sentencing, although the petitioner actually qualified as a Range III offender. Counsel testified that based upon past experience, had the cases proceeded to trial he probably could have reached an agreement with the state for Range II sentencing due to the deficient notice of intent to seek enhanced punishment. We need not resolve whether the advice the petitioner claims counsel gave him was incorrect because the lower court rejected the petitioner's claim altogether, and the evidence does not preponderate against a determination that the petitioner failed to carry his burden of proof by clear and convincing evidence.

For these reasons, we affirm the lower court's denial of the petition for post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE