# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 24, 2007 Session

## CHRISTOPHER JAMES DODSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. CR011596   Robert E. Lee Davies, Judge**

---

**No. M2007-00643-CCA-R3-PC**

---

JOSEPH M. TIPTON, P.J., dissenting.

I respectfully dissent from the decision reached in the majority opinion. I believe the petitioner should be granted relief because he did not get the benefit of pretrial jail credits in this case as provided in his plea agreement.

The judgment of conviction entered in this case on April 25, 2005, reflects a four-year sentence and states in the "Special Conditions" portion, "DEFENDANT TO RECEIVE ALL PRE-TRIAL JAIL CREDIT.  COURT HAS NO OBJECTION TO BOOT CAMP."  The judgment also provides in the space for pretrial jail credit, "3/29/04 to 4/24/05."  The "NEGOTIATED PLEA AGREEMENT" signed by the petitioner, his attorney, and the assistant district attorney provides regarding the sentence, "[Defendant] to receive pre-trial jail credit from 3-30-04."  The transcript of the guilty plea hearing reflects that the trial court told the petitioner he would "still receive pretrial jail credit from 3/30/04."

The credit, however, was not applied to the sentence imposed by this judgment.  Instead, the Department of Correction (DOC) applied it to the two-year sentence the petitioner had previously received.  The problem stems from the requirement that a defendant receive consecutive sentences for commission of a felony while on bail when convicted of both offenses.  See Tenn. R. Crim. P. 32(c)(3)(C).  It is apparent that the DOC considered his pretrial confinement as service of his previous sentence.

The petitioner testified at the post-conviction hearing that he understood he would receive 391 days pretrial jail credit and 104 days pretrial behavioral credit.  He said his attorney told him he would get the jail credit in the four-year sentence.  He claimed that he would not have pled guilty had he known he would not receive the pretrial credit.  The petitioner testified that he "flattened" the two-year sentence by serving nineteen months and served thirty-three months of his four-year sentence before being paroled.  The defendant testified that his attorney never discussed Tennessee Rule of Criminal Procedure 32 with him.

The petitioner's trial attorney testified, and, although some of her answers did not respond directly to the questions asked, the following pertinent facts were obtained. The attorney acknowledged that the pretrial jail credit was "very important" to the petitioner. Also, she ultimately acknowledged that the pretrial jail credit was for the four-year sentence. However, the attorney did not answer questions regarding whether she discussed Rule 32 with the petitioner. Rather, her testimony indicated that she believed the DOC determined how to calculate pretrial jail credits.

The trial court's holding quoted in the majority opinion relative to the knowing and voluntary nature of the plea reflects a misapprehension by the trial court of the petitioner's claim. The trial court looked to the fact that the plea was "not the result of force, threat, or promise of any nature," and not something in which the petitioner did not want to participate, and that he understood the nature of his actions. These are not the bases of the petitioner's claim. Simply put, he claims that his guilty plea included a benefit that he did not receive, i.e., pretrial jail credits for the four-year sentence. As this court has noted, "if a petitioner was unaware that the agreed sentence was illegal, the petitioner could not have knowingly and voluntarily plead[ed]." Woods v. State, 928 S.W.2d 52, 55 (Tenn. Crim. App. 1996); see also Joseph A. Maine v. State, E2004-00143-CCA-R3-PC, Cocke County (Tenn. Crim. App. Aug. 19, 2005) (stating that a petitioner who pleads guilty after being significantly misinformed by the trial court and his counsel about the effects of his sentences he would be required to serve cannot be found to have entered knowing and voluntary guilty pleas). Such is obviously the case here. The petitioner did not get the benefit of his bargain because he was not allowed by law to do so. Thus, I would hold that the petitioner's guilty plea was involuntary and unknowing.

Also, the trial court's findings regarding counsel's representation essentially missed the point. Regardless of how much good work she did in the case, the issue is whether she was deficient relative to the petitioner's pleading guilty while believing he would receive pretrial jail credit on his four-year sentence. The petitioner said she did not discuss anything regarding Rule 32, and counsel never testified that she discussed it or otherwise advised the petitioner he would not receive the pretrial credit toward the four-year sentence. In this regard, I believe the fact that the DOC applied credit to his two-year sentence is beside the point. For these reasons, I would vacate the petitioner's conviction for facilitation of robbery.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE