IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Remanded by Supreme Court January 23, 2002

## MARIO LAMBERT v. JACK MORGAN, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 99-5086C-II     Timothy Easter, Judge**

_____

**No. M2002-00172-CCA-RM-PC -  Filed March 22, 2002**

_____

The Defendant, Mario Lambert, appealed as of right from the trial court's dismissal of his petition for writ of habeas corpus. This Court held that the trial court was without authority to sentence the Defendant as a Range I standard offender with a thirty percent release eligibility for the offense of second degree murder. We therefore concluded that, based on the record before us, the sentence imposed appeared to be an illegal sentence. We therefore reversed the judgment of the trial court dismissing the petition and remanded the case for further proceedings. See Mario Lambert v. Jack Morgan, Warden, No. M1999-02321-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 599 (Nashville, Aug. 7, 2001). On January 23, 2002, our supreme court remanded this case to us, directing us to reconsider our opinion in light of State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), and further directed us, on remand, to "clarify the action to be taken by the Criminal Court pursuant to the opinion of the Court of Criminal Appeals when the case is remanded to the trial court." We again reverse the judgment of the trial court summarily dismissing the habeas corpus petition and remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Mario Lambert, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Ron Davis, District Attorney General.

**OPINION ON REMAND**

This matter has been remanded to us for further consideration. We believe it is helpful in understanding this case to first restate our previous opinion <u>verbatim</u>:

On August 15, 1996, the Defendant pled guilty in Shelby County to the offense of second degree murder, which occurred on August 21, 1995. Pursuant to his plea agreement, he was sentenced by the trial court to serve fifteen years in the Tennessee Department of Correction as a Range I, standard offender with a release eligibility of thirty percent. Subsequently, on September 20, 1999, the Defendant filed a petition for writ of habeas corpus in the Circuit Court of Hickman County in which he alleged that the sentence imposed by the trial court was an illegal sentence because the trial court was without authority to sentence him as a Range I, standard offender with a thirty percent release eligibility. He asserted that the sentence was not a statutorily authorized punishment for the offense of second degree murder at the time of the offense. The trial court denied relief without a hearing, and the Defendant then appealed the case to this Court.

Habeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. <u>See</u> <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). A petition for writ of habeas corpus may be used to challenge judgments that are void, but not judgments that are merely voidable. <u>See</u> <u>id.</u>; <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). However, our supreme court has recognized that a sentence imposed in direct contravention of a statute is void and illegal. <u>Stephenson v. Carlton</u>, 28 S.W.3d 910, 911 (Tenn. 2000); <u>see also</u> <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978).

Our sentencing law, which was in effect at the time of the Defendant's offense, provides that "[t]here shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(i)(1). Second degree murder is one of the enumerated offenses for which there is no release eligibility. <u>See</u> <u>id.</u> § 40-35-501(i)(2)(B). Because the offense for which the Defendant was convicted appears to have occurred on August 21, 1995, this statute was applicable to the Defendant when he was sentenced; thus, he could not legally be sentenced as a Range I, standard offender with a thirty percent release eligibility. Therefore, if the Defendant's allegations are correct, the sentence imposed by the trial court is in direct contravention of a statute and is accordingly void and illegal. <u>See</u> <u>Stephenson</u>, 28 S.W.3d at 911; <u>see also</u> <u>McConnell v. State</u>, 12 S.W.3d 795, 800 (Tenn. 2000) (concluding that thirty-five year sentences for a Range I offender for

second degree murder and robbery by use of a deadly weapon are not permitted by the 1989 Sentencing Act and are therefore illegal).

In addition to the allegations contained in his petition, the Defendant has attached to his petition what appears to be a copy of the judgment of conviction in his case. The judgment appears to affirm the factual allegations of the petition. The trial judge dismissed the petition because it found that the allegations contained in the petition did not entitle the Defendant to habeas corpus relief. On appeal, the State argues that a habeas corpus petition is not appropriate to attack an illegal sentence. The State acknowledges that the Tennessee Supreme Court held in Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000), that habeas corpus relief was available to remedy an illegal sentence. Although the State argues that our supreme court wrongly decided Stephenson v. Carlton, we are of the firm opinion that we should recognize that our supreme court's opinion is a binding precedent which should be followed.

Because the sentence imposed upon the Defendant appears to be an illegal and void sentence based upon our review of the record before us, we conclude that the trial court erred in dismissing the petition. If the factual allegations are correct, resolution of this issue leaves the Defendant's case pending in the Criminal Court of Shelby County, where further proceedings are warranted. See Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). This will leave the status of the original prosecution at the sentencing stage. See Dixon v. State, 934 S.W.2d 69, 74 (Tenn. Crim. App. 1996). Because the sentence recommended by the State at the guilty plea proceeding appears to have been an illegal sentence, the trial court must reject the sentence. Id. Thereafter, the proceedings shall be governed by Rule 11(e) of the Tennessee Rules of Criminal Procedure. Id., see also Woods v. State, 928 S.W.2d 52, 54 (Tenn. Crim. App. 1996).

Therefore, we reverse the judgment of the Circuit Court of Hickman County, and in the interest of judicial economy, we remand this case to the Shelby County Criminal Court for further proceedings.

Mario Lambert v. Jack Morgan, Warden, M1999-02321-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 599 (Nashville, Aug. 7, 2001) (footnotes omitted).

Following the filing of the above-quoted opinion, the State of Tennessee filed an application for permission to appeal to the Tennessee Supreme Court. The State asserted that the sentence in question was erroneous, but not illegal or void. The Tennessee Supreme Court initially entered an order granting the State's application for the purpose of remanding this case to us for reconsideration in light of State v. Burkhart, 58 S.W.3d 694 (Tenn. 2001), in which our supreme court upheld the constitutionality of Tennessee's statutes proscribing "gambling devices." The Tennessee Supreme Court subsequently vacated that order and entered a new order granting the State's application for

the purpose of remanding this case back to us for reconsideration in light of State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978). We are somewhat puzzled by this order, because we obviously considered this State v. Burkhart opinion in our previous opinion. We cited Burkhart for the proposition that a sentence imposed in direct contravention of a statute is void and illegal. Nevertheless, we have been directed by our supreme court to reconsider our opinion in light of Burkhart and we now undertake to do so.

In Burkhart, it appears that the defendant had been convicted of burglary and sentenced to a term of twelve and one-half to fifteen years. 566 S.W.2d at 872. While incarcerated pending appeal, he escaped. Id. He subsequently pled guilty to escape and was, in effect, given a concurrent sentence of one year for the escape. Id. At that time, the sentencing law required that any sentence for escape would not commence to run until after the expiration of the original term. Id. In accordance with this statute, the Department of Correction informed the defendant that his escape sentence would be treated as a consecutive sentence. Id. The defendant then filed a pro se petition in the court of his conviction seeking that the trial court order the Department of Correction to direct that his escape sentence be served concurrently, as originally provided. Id. The trial judge dismissed the petition without a hearing. Id.

Our supreme court held that the judgment entered by the trial court sentencing the defendant was in direct contravention of a statute and was therefore a nullity. 566 S.W.2d at 873. Our supreme court further stated "[a]s a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." Id. Our supreme court thus concluded that the trial judge had both the power and the duty to correct the sentencing judgment "as soon as its illegality was brought to his attention." Id.

Our supreme court further noted that according to the petition, the defendant had pleaded guilty to the escape charge as the result of a plea bargain which provided that the sentence for escape would be served concurrently to the sentence for burglary. Id. The court noted that "[i]f true, the respondent would be entitled to withdraw his plea of guilty to escape, and to proceed to trial on that charge." Id. Our supreme court therefore remanded the case back to the trial court "with directions that a hearing be held on the issues raised by the respondent." Id. The court further noted that on remand, the Defendant's sentence for escape was still in effect according to its original terms. Id. The supreme court stated that "[t]he Department of Correction may not alter the judgment of a court, even if that judgment is illegal." Id. The supreme court therefore remanded the case to the trial court for further proceedings consistent with the opinion. Id.

We have reconsidered our previous opinion in light of State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978). Nevertheless, based upon the reasoning and analysis set forth in our previous opinion, we again conclude that if the Defendant's allegations are correct, the sentence imposed by the trial court is in direct contravention of a statute and is accordingly void and illegal. See Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); see also McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000).

In its order of remand, our supreme court also directed us to "clarify the action to be taken by the criminal court pursuant to the opinion of the Court of Criminal Appeals when the case is remanded to the trial court." In our previous opinion, we remanded this case to the Shelby County Criminal Court, which was the court in which the conviction and sentence originated. Because the sentence appeared to be part of a plea agreement, we noted that on remand, the Criminal Court should reject the plea agreement because it calls for an illegal sentence. We stated that thereafter the proceedings would be governed by Rule 11(e) of the Tennessee Rules of Criminal Procedure, which provides in pertinent part as follows:

> (4) Rejection of a Plea Agreement. — If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if he or she persists in the guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Tenn. R. Crim. P. 11(e)(4).

Although the order of remand from the supreme court does not suggest which portion of our previous opinion needs more clarity, we have found a recent opinion of our supreme court to be instructive. In McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), the habeas corpus petitioner alleged that his plea agreement had encompassed a sentence which was illegal. Id. at 91. He alleged that he had been allowed to receive a concurrent sentence when the law mandated a consecutive sentence. Id. at 92. Our supreme court held that "if the face of the judgment or the record of the underlying proceedings shows that the concurrent sentence is illegal, such sentence creates a void judgment for which habeas corpus relief is available." Id. at 91. Our supreme court further held that

> If McLaney's allegations that the latter offenses were committed while he was on bail are proven in the record of the underlying convictions, then the sentence is void and the habeas corpus court is mandated by statute to declare it so. If the sentence is void, then either the plea may be withdrawn or the conviction remains intact. If the plea is withdrawn, then McLaney would be ordered held to bail pending prosecution for the offense; if the conviction remained intact, then he would be committed to custody pending resentencing. Thus, there is legal cause for continued detention pending further proceedings. Therefore, the habeas corpus court would be required, after voiding the judgment, to remand the case to the trial court, in this case Circuit Court for Jefferson County, for further appropriate action.

59 S.W.3d at 94-95.

We conclude that the relief granted in McLaney is the relief appropriate upon remand in this case. Therefore, the judgment of the trial court summarily dismissing the petition for writ of habeas corpus is reversed and this case is remanded to the Circuit Court of Hickman County for appointment

of counsel and an evidentiary hearing. At the evidentiary hearing, the trial court must determine whether the allegations in the petition are factually correct resulting in an illegal sentence for second degree murder. If the trial court finds the sentence to be illegal, then the Court is mandated to declare it so. In doing so, the habeas corpus court must then remand the case to the Shelby County Criminal Court, where the second degree murder conviction occurred.[1] In that court, the Defendant may withdraw his guilty plea to second degree murder as provided by Rule 11(e)(4) of the Tennessee Rules of Criminal Procedure. If the plea is withdrawn, he may be ordered held to bail pending prosecution for that offense. If he chooses not to withdraw his guilty plea, the conviction shall remain intact, and the petitioner would be committed to custody pending resentencing.

We reverse the judgment of the Circuit Court of Hickman County and we remand this case to that Court for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE

---

[1] Although McLaney required the habeas corpus court to "remand" the case to the convicting court for further action, it would appear that the "remand" is necessary only as a means to communicate the action of the habeas corpus court to the convicting court. At that point, no further action is necessary in the habeas corpus proceeding. Further action is needed in the criminal proceeding which remains pending in the convicting court. It is for this reason that our previous opinion "remanded" this case to the convicting court for further proceedings, rather than to the habeas corpus court.