# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 13, 2009

## WILLIAM M. PUTMAN v. RICKY BELL, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 08C-1713-HC    Barbara N. Haynes, Judge**

_____

### No. M2008-02739-CCA-R3-HC - Filed July 14, 2009

_____

The *pro se* petitioner, William M. Putman, challenges the summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

William M. Putman, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The petitioner pled guilty in 1995 to first degree murder and aggravated robbery and was sentenced to concurrent terms of life without parole and twenty years, respectively.  See William Matney Putman v. State, No. E2004-02192-CCA-R3-CD, 2005 WL 1996634, at *1 (Tenn. Crim. App. Aug. 18, 2005), perm. to appeal denied (Tenn. Dec. 19, 2005).  In 2002, he filed a petition for writ of habeas corpus, arguing that his conviction was void because life without parole was not a sentencing option for first degree murder at the time he committed the offense.  The habeas court granted relief "solely for the purpose of vacating his sentence of life without parole," ordering that the case be transferred to the Carter County Criminal Court for further proceedings.

The petitioner subsequently filed a motion in the Carter County Criminal Court to withdraw his guilty plea but later changed his mind, orally moving to dismiss the motion at the May 11, 2004 hearing on the matter.  Thereafter, the trial court resentenced him to life with the possibility of parole

for his first degree murder conviction, despite the petitioner's argument that the court was powerless to impose a sentence to which the petitioner had not agreed.

The petitioner appealed, and this court affirmed the resentencing. See id. He then filed a petition for post-conviction relief, alleging, among other things, ineffective assistance of trial counsel in allowing him to enter into a plea agreement that contained an illegal sentence. The post-conviction court dismissed the petition as time-barred, and this court affirmed the dismissal. See William Matney Putman v. State, No. E2006-00806-CCA-R3-PC, 2007 WL 1989019, at *1 (Tenn. Crim. App. July 11, 2007), perm. to appeal denied (Tenn. Oct. 15, 2007).

On June 2, 2008, the petitioner filed a second *pro se* petition for writ of habeas corpus, arguing, *inter alia*, that his 1995 plea agreement was "void *ab initio*" because the trial court lacked jurisdiction to accept a guilty plea containing an illegal sentence. On July 8, 2008, the habeas court granted the State's motion to dismiss the petition on the basis that the petitioner had not demonstrated he was entitled to habeas corpus relief. On November 17, 2008, the petitioner filed an untimely notice of appeal, accompanied by a motion requesting that this court accept his late-filed appeal. In the motion, the petitioner asserted that he was not served with notice of the habeas court's order denying his petition for writ of habeas corpus and that he did not learn of the decision until his wife telephoned the clerk's office to inquire into the status of his case.

## ANALYSIS

On appeal, the petitioner argues that his conviction was void from the outset because the trial court lacked the jurisdiction to accept a guilty plea containing an illegal sentence. He further argues that the resentencing court lacked the authority to resentence him to life with the possibility of parole without his consent because sentencing was an element of his initial plea bargain. The State asserts that this court lacks jurisdiction to entertain the appeal because the petitioner's notice of appeal was untimely and there is nothing in the record to indicate this court granted his motion to accept the late-filed appeal. In the alternative, the State argues that the habeas court's dismissal of the petition was proper because the petitioner's claims are without merit.

The State is correct that the notice of appeal was untimely and that there is nothing in the record to show that this court granted the petitioner's motion to accept the late-filed appeal. See Tenn. R. App. P. 4(a). The rules, however, provide that "in all criminal cases, the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). We have, therefore, elected to waive the timely filing of the notice of appeal and to consider the case on its merits.

The determination of whether to grant habeas corpus relief is a question of law. See Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted

when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the petitioner has not met his burden of establishing that his conviction is void. We agree with the State that the petitioner already received relief as to the illegal sentence in the first habeas petition and, by orally moving to dismiss his motion to withdraw his guilty plea, consented to open sentencing by the resentencing court. We further agree that we have previously rejected almost identical arguments that were raised by the petitioner in his appeal of resentencing. In that case, we wrote:

> In seeking relief, the petitioner relies upon the language in Woods v. State, 928 S.W.2d 52, 55 (Tenn. Crim. App. 1996), that "the judgment may not be amended to reflect a sentence consistent with the statute unless the petitioner knowingly and voluntarily agrees to the changes." He also cites the holding of McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000), that "[o]n remand, the trial court may impose a sentence that is mutually agreeable to the State and appellant, so long as the sentence is available under the 1989 [Sentencing] Act. If an agreement is not reached, though, appellant may withdraw his guilty plea and proceed to trial on the original charges." Furthermore, a defendant acknowledges that by not withdrawing his guilty plea, "the conviction remains intact." McLaney v. Bell, 59 S.W.3d 90, 94-95 (Tenn. 2001).
>
> After hearing the petitioner's argument that it lacked authority to sentence him, the post-conviction court said, "I don't think that it makes any sense to do what you're proposing that nothing happens. . . . Something has to happen. You're saying . . . he wants to keep his guilty plea in the record, and . . . that he consents to no sentence and, therefore, the court has no authority to sentence him?" The court then sentenced the petitioner, over his objection, to life with the possibility of parole[.]
>
> . . . .

We, like the post-conviction court, are not impressed by the petitioner's claim that, by not seeking to withdraw his plea of guilty while at the same time not agreeing to imposition of life with parole, the only available sentence, he has brought the justice system to a standstill. The authorities upon which he relies do not support the conclusion he seeks to extract from them.

William Matney Putman, 2005 WL 1996634, at **1-2.

Accordingly, we affirm the dismissal of the petition on the grounds that the petitioner has not stated a colorable claim for habeas corpus relief.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the order of the habeas court dismissing the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE